## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARTIN FABRE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.  20cv3053** |
| | ) | |
| **v.** | ) | **JURY DEMANDED** |
| | ) | |
| **GREAT LAKES PAVING &** | ) | |
| **CONSTRUCTION, INC., and** | ) | |
| **CESAR SANCHEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Martin Fabre, through his attorneys, Hughes Socol Piers Resnick & Dym, Ltd., complains against Defendants Great Lakes Paving & Construction, Inc. ("Great Lakes Paving") and Cesar Sanchez, as follows.

## NATURE OF THE ACTION

1.      Defendant Great Lakes Paving is an Illinois company, owned and operated by Defendant Cesar Sanchez, that paints streets, roads and highways throughout Illinois.

2.      Together, Defendants willfully engaged in a joint scheme, business plan, or policy of requiring Plaintiff to work sixty-five or more hours per week on publicly funded projects without paying him the required prevailing wage or overtime premium pay for hours worked in excess of forty in a workweek.

3.      Plaintiff now seeks to recover overtime premium pay under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). He also seeks, for all hours worked, the difference between the hourly rate he was paid and the hourly rate required under the Illinois Prevailing Wage Act ("IPWA").

## JURISDICTION

4.     The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

5.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district, and Defendants reside in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

6.     Martin Fabre is a resident of Chicago, Illinois, and worked for Great Lakes and Cesar Sanchez from May 2016 to November 2016, May 2018 to November 2018, and March 2019 to June 2019.

7.     Defendant Great Lakes an Illinois Corporation located in Markham, Illinois.

8.     Defendant Cesar Sanchez owns and operates Great Lakes Paving and is a resident of Midlothian, Illinois.  During all relevant times, he had control over the method and amount that Plaintiff was paid for the work he performed for Great Lakes Paving.

9.     During relevant times, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203 and the IMWL, 820 ILCS 105/3(d).

10.     During relevant times, Defendants were Plaintiff's "employers," as defined by the FLSA, 29 U.S.C. § 203 and the IMWL, 820 ILCS 105/3(c).

11.     During relevant times, Defendants were supported by funds made available by or through the state or its political subdivisions for projects requiring the painting of streets, roads, and highways.

12.     During relevant times, Plaintiff, while employed by Defendants, performed work on public works, as that term is defined by the IPWA, 820 ILCS § 130/2.

## EMPLOYER AND ENTERPRISE STATUS

13.     During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose – namely, operating a paving business.

14.     During relevant times, the Defendants' annual gross revenue exceeded $500,000. When he worked for Defendants, Plaintiff handled objects that moved in interstate commerce.

15.     During relevant times, Defendants made decisions about whether Plaintiff received overtime pay for hours worked in excess of forty in a workweek.

16.     Defendants are jointly responsible for the unlawful wage and hour violations described in this complaint because they jointly controlled Plaintiff's work and the manner in which Plaintiff was paid for that work.

## FACTUAL ALLEGATIONS

17.     Defendants provide paving and street painting services throughout Illinois.

18.     From May 2016 to November 2016, May 2018 to November 2018, and March 2019 to June 2019, Plaintiff worked as machine operator and thermal striper for Defendants.

19.     Plaintiff painted—or striped—lanes and signs on public streets, roads, and highways, and also translated instructions for work crews.

20.     Throughout his employment, Plaintiff consistently worked more than 40 hours a week—on average 65 hours in an individual work week.

21.     From May to July 2016, Defendants paid Plaintiff $100 a day.

22.     From July to November 2016, Defendants paid Plaintiff $16 per hour.

23.     From May to November 2018 and March to June 2019, Defendants paid Plaintiff $18 per hour.

24.     Throughout his employment, Defendants failed to pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week, and instead paid Plaintiff the same hourly rate for all hours worked.

25.     Throughout his employment, Plaintiff worked on public projects supported in whole or in part by public funds.

26.     Defendants paid Mr. Fabre less than the general prevailing rate for work of a similar character in the locality in which the work was performed, and less than one and a half times those rates for all hours over 40 in any individual workweek.

### COUNT I
### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 203, *et. seq*.

27.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

28.     Plaintiff regularly worked for Defendants in excess of forty hours in a workweek.

29.     Defendants willfully refused to pay Plaintiff overtime premiums required by FLSA, 29 U.S.C. § 207(a), which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

30.     Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

### PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendants' conduct violated the FLSA;

c. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

d. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

e. Awarding such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law**
**820 ILCS 105/1 _et seq._ ("IMWL")**

31.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32.     Plaintiff worked for Defendants in excess of forty hours in a workweek.

33.     Defendant willfully refused to pay Plaintiff one-and-a-half times his regular hourly rate for hours worked in excess of forty in a workweek, in violation of the IMWL.

34.     Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

**PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment against Defendant and issue an order:

a. Declaring that the actions complained of herein violate 820 ILCS 105/4;

b. Awarding Plaintiff all unpaid overtime wages due and owing;

c. Awarding Plaintiff prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

d. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid 2018 wages remain delinquent, as contemplated by the previous version of 820 ILCS 105/12(a);

e. Awarding treble damages and 5% of all unpaid wages for each month the unpaid 2019 wages remain delinquent, as contemplated by the current version of 820 ILCS

5

105/12(a)

f. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

g. Providing injunctive relief requiring Defendant to pay all statutorily-required wages and penalties and barring future violations; and

h. Awarding such other relief as this Court deems just and proper.

## COUNT III
## Violation of the Illinois Prevailing Wage Act
## 820 ILCS 130/1 *et seq.* ("IPWA")

35.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

36.     IPWA ensures that all laborers and drivers employed by or on behalf of any and all public bodies engaged in public works are paid a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed.

37.     A public body includes any institution supported in whole or in part by public funds.

38.     Defendants were supported by funds made available by or through the state for projects requiring the painting of streets, roads, and highways throughout the state of Illinois.

39.     Plaintiff, while employed by Defendants, performed work on public works, as that term is defined by the IPWA, 820 ILCS §130/2.

40.     For the hours Plaintiff worked on public works, Defendants paid Plaintiff less than the general prevailing rate of hourly wages for work of a similar character in the locality in which the work was performed.

41.     Plaintiff was directly employed by Defendants who were contractors or subcontractors engaged in actual construction and were engaged in the painting of streets, roads, and highways throughout Illinois.

42.    Defendants violated the IPWA by failing to compensate Plaintiff consistent with the IPWA's prevailing wage rate provisions.

43.    Plaintiff is entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent per month of the amount of any penalty for up to five (5) years before the filing of this lawsuit.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment against Defendant and issue an order:

a.    Declaring that the actions complained of herein violate 820 ILCS 130/1, *et seq*.;

b.    Awarding Plaintiff the difference between the wages paid and the prevailing rate of hourly wages;

c.    Awarding Plaintiff punitive damages penalties in the amount of 2% of any penalty;

d.    Awarding reasonable attorneys' fees and costs of this action as provided by the IPWA;

e.    Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/ Chirag G. Badlani
One of the Attorneys for the Plaintiff

Christopher J. Wilmes (Illinois Bar No. 6287688)
Chirag G. Badlani (Illinois Bar No. 6308523)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100